Law Office of Joseph C. Rosenblit; SBN 131663
1370 N. Brea Blvd., Suite 238
Fullerton, CA 92835
P: 877-242-7173
F: 866-242-7173

Attorney for Plaintiff, Ahmad Alkayali

FILED
13 APR 22 PM 1:58

_____ DEPUTY

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF THE STATE OF CALIFORNIA

AHMAD ALKAYALI;

    Plaintiff,

v.

ECLIPSE GROUP, LLP; EDWARD F. O'CONNOR, and DOES 1-100, inclusive,

    Defendants.

'13 CV 0954 WQH KSC

**COMPLAINT FOR DAMAGES**

1. Legal Malpractice

Plaintiffs allege:

1.    Plaintiff AHMAD ALKAYALI ( hereinafter referred to as ALKAYALI) is, and at all times mentioned in this complaint was, an individual and a resident of San Diego, California.

2.    Defendant ECLIPSE GROUP, LLP (Hereinafter referred to as ECLIPSE) is, and at all times herein mentioned was a law firm doing business in the State of California and who had as employees, agents, servants and/or equity partners certain individuals, including EDWARD F.

1  O'CONNOR, who is a defendant who represented the interests of ALKAYALI in the prior action
2  which gave rise to this action.
3  3.    Defendant EDWARD F. O'CONNOR (hereinafter referred to as O'CONNOR) was at all
4  relevant times an attorney at law, licensed to practice before the courts of the State of California and
5  during all relevant times in his representation of ALKAYALI's interests was employed by, a partner
6  of and/or otherwise associated with defendant ECLIPSE.
7  4.    Plaintiff is ignorant of the true names and capacities of defendants sued herein as DOES
8  1- 100, inclusive, and therefore sued these defendants by such fictitious names. Plaintiffs will amend
9  this Complaint to allege their true names and capacities when ascertained. Plaintiffs are informed
10 and believe and thereon allege that each of these fictitiously named defendants is responsible in some
11 manner for the occurrences herein alleged, and that Plaintiff's injuries as herein alleged were
12 proximately caused by the aforementioned defendants.

### FACTUAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

15 6.    Sometime around February of 2011 ALKAYALI in his capacity as CEO of Collagen
16 Nutraceuticals, Inc. and individually hired defendants ECLIPSE and O'CONNOR to represent
17 him as a cross-defendant in an action against persons and business entities with whom
18 ALKAYALI was affiliated with whom her had done business with. O'CONNOR took over the
19 handling of the case approximately 90 days prior to the date of trial. The action, Case No. '09
20 CV 2188 DMS POR (hereinafter referred to as THE UNDERLYING ACTION) was filed in the
21 United States District Court for the Southern District of California with the trial being held
22 downtown in the City of San Diego.
23 7.    The complaint had highly specific allegations regarding trademark infringement, unfair
24 competition, false advertising, false designation of origin and description relating to certain
25 health supplement products, and false marking of patented material. The cross-complaint filed
26 against ALKAYALI alleged one core issue and one core issue only which was that ALKAYALI

had committed a fraud on the U.S. Patent Office when he had applied for certain patents on health supplement products which cross-complainants claimed belonged to them.

8. ALKAYALI was possessed of dispositive evidence proving that the patent rights belonged to him. O'CONNOR failed to do the discovery that needed to be done in order to disprove the cross-complaint's allegations. O'CONNOR failed to make a demand compelling the defendants to appear at the trial. O'CONNOR failed to subpoena non-party witnesses for deposition or trial. O'CONNOR failed to have defendants produce in discovery or at trial documents that would have proved ALKAYALI's ownership of certain trademarks and patents through his Collagen Nutraceuticals, Inc. ownership. And O'CONNOR failed to produce prior sworn testimony by certain parties in THE UNDERLYING ACTION that would have proven ALKAYALI's right to apply for those trademarks and patents.

9. On or about May 16, of 2011 judgment was made as against Collagen Nutraceuticals, Inc. and in favor of cross-defendants as against ALKAYALI. At or about that time ALKAYALI filed for personal chapter 7 bankruptcy. Shortly thereafter defendants/cross-complainants in THE UNDERLYING ACTION filed an adversary action (herein referred to as ADVERSARY ACTION) against ALKAYALI in the bankruptcy court. On February 22, 2013 judgment for attorneys fees was filed against ALKAYALI for amounts in excess of $300,000.00.

## FIRST CAUSE OF ACTION
## LEGAL MALPRACTICE
### As Against All Defendants

10. Plaintiffs incorporate by reference all allegations made in paragraphs 1 through 9 above and reallege them as though fully set forth herein.

11. Defendants failed to use reasonable skill and care in the representation of plaintiff in that an attorney of reasonable competence would have compelled the available testimony and documentation that would have proven the ownership of the trademarks and patents in THE

3     COMPLAINT FOR DAMAGES

UNDERLYING ACTION which would then have been produced at trial. O'CONNOR and ECLIPSE failed to do so.

9. As a direct and proximate result of the negligence and carelessness of defendants as set forth above judgments were made on May 16, 2011 and February 22, 2013 in favor of defendants and cross-complainants in the UNDERLYING ACTION and the ADVERSARY ACTION respectively resulting in damage to plaintiff in amounts in excess of $4,000,000.00.

10. Plaintiff is informed and believes, and on the basis of that information and belief alleges, that had defendants used proper skill and care in the gathering and presentation of the evidence in the UNDERLYING ACTION, a judgment favorable would have been rendered and additionally, plaintiff herein would not have been exposed to the massive attorney fee judgment in the ADVERSARY ACTION.

WHEREFORE, plaintiff demands judgment against defendants, and each of them, for the following:

1. Special damages in ex of $4,000,000.00;
2. Interest according to law;
3. Costs of this action; and
4. Any other and further relief that the court considers proper.

Dated: April 19, 2013        By: _____
                                  Joseph C. Rosenblit, Attorney
                             For:   Plaintiff, Ahmad Alkayali