# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AHMAD ALKAYALI,<br><br>　　　　　　　　　Plaintiff,<br>vs.<br>ECLIPSE GROUP, LLP; EDWARD F. O'CONNOR, and DOES 1-100, inclusive,<br>　　　　　　　　　Defendants. | CASE NO. 13cv954-WQH-KSC<br><br>ORDER |

HAYES, Judge:

　　The matter before the Court is the Motion to Dismiss filed by Defendants Eclipse Group, LLP and Edward F. O'Connor. (ECF No. 11).

**I.　Background**

　　On July 8, 2013, Plaintiff Ahmad Alkayali filed a First Amended Complaint, which is the operative complaint. (ECF No. 10). The First Amended Complaint alleges a single cause of action for legal malpractice. The First Amended Complaint alleges that Plaintiff hired Defendants to represent him as a cross-defendant in an underlying lawsuit involving allegations of trademark infringement. The First Amended Complaint alleges that "[t]he cross-complaint filed against [Plaintiff] Alkayali alleged one core issue and one core issue only which was that Alkayali had committed a fraud on the U.S. Patent and Trademark Office in procuring registration" of the trademark at issue. *Id.* ¶ 8. The First Amended Complaint alleges that, as a result of Defendants'

1 negligence, Plaintiff lost the underlying action and suffered damages. The First
2 Amended Complaint alleges that "[t]his court is vested with jurisdiction of this matter
3 under 28 U.S.C. § 1338, since Plaintiff's right to relief necessarily depends on
4 resolution of a substantial question of federal trademark and patent law." *Id*. ¶ 5.

5 On July 18, 2013, Defendants filed the Motion to Dismiss. (ECF No. 11).
6 Defendant moves for the dismissal of this action for, *inter alia*, lack of subject-matter
7 jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1).

8 On July 29, 2013, Plaintiff filed an opposition to the Motion to Dismiss. (ECF
9 No. 16). Plaintiff contends that this Court has subject-matter jurisdiction over this
10 action pursuant to 28 U.S.C. § 1338(a) because "the underlying litigation was chiefly
11 concerned with patent and trademark matters." *Id*. at 6. Plaintiff contends that
12 "Defendants should be judicially estopped from arguing lack of subject matter
13 jurisdiction" because Defendants argued in a prior legal malpractice action in state court
14 that the "malpractice action, which turns on substantial patent questions in the elements
15 of causation and damages, should be adjudicated in federal court." *Id*. at 7; ECF No.
16 11-2 at 22.

17 On August 12, 2013, Defendants filed a reply in support of the Motion to
18 Dismiss. (ECF No. 17).

19 **II.  Discussion**

20 "Federal courts are courts of limited jurisdiction. They possess only that power
21 authorized by Constitution and statute, which is not to be expanded by judicial decree.
22 It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of
23 establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v.*
24 *Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). Plaintiff
25 asserts jurisdiction based solely upon 28 U.S.C. § 1338(a), alleging that "Plaintiff's
26 right to relief necessarily depends on resolution of a substantial question of federal
27 trademark and patent law." (ECF No. 10 ¶ 5).

28 Section 1338(a) provides: "The district courts shall have original jurisdiction of

any civil action arising under any Act of Congress relating to patents, plant variety protection, copyrights and trademarks." 28 U.S.C. § 1338(a). A cause of action created by state law may "aris[e] under" federal patent or trademark law, within the meaning of 28 U.S.C. § 1338(a), only if it involves a patent or trademark law issue that is "(1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." *Gunn v. Minton*, 133 S. Ct. 1059, 1065 (2013). In *Gunn*, the Supreme Court stated that "state legal malpractice claims based on underlying patent matters will rarely, if ever, arise under federal patent law for purposes of § 1338(a)." *Id*. The Court held that while specific malpractice claims may "necessarily raise disputed questions of patent law," those questions usually are "not substantial in the relevant sense." *Id*. at 1066. The Court stated that "the substantiality inquiry ... looks to the importance of the [patent] issue to the federal system as a whole," rather than to "the particular parties in the immediate suit." *Id*. Finding the patent law issues implicated in the malpractice claim before it to be "hypothetical," "backward-looking," and lacking "broader effects," the Court concluded they were not sufficiently "substantial" to create federal jurisdiction pursuant to § 1338(a). *Id*. at 1066-68.

Plaintiff has failed to demonstrate that the resolution of this legal malpractice action will involve a trademark or patent issue of sufficient "importance ... to the federal system as a whole" to be "substantial." *Id*. at 1066. Accordingly, Plaintiff has failed to demonstrate that this case "aris[es] under" federal trademark or patent law, within the meaning of 28 U.S.C. § 1338(a).

Plaintiff contends that Defendants should be judicially estopped from arguing that this Court lacks subject-matter jurisdiction. However, "no action of the parties can confer subject-matter jurisdiction upon a federal court. Thus, ... principles of estoppel do not apply." *Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 (1982); *see also id.* ("Similarly, a court ... will raise lack of subject-matter jurisdiction on its own motion. The rule, springing from the nature and limits of the

judicial power of the United States is inflexible and without exception....") (quotation omitted). This action must be dismissed for lack of subject-matter jurisdiction.

### III. Conclusion

IT IS HEREBY ORDERED that the Motion to Dismiss is GRANTED. (ECF No. 11). Pursuant to Federal Rule of Civil Procedure 12(b)(1), this action is dismissed for lack of subject-matter jurisdiction.

DATED: August 26, 2013

**WILLIAM Q. HAYES**
United States District Judge